Electronically Filed
Intermediate Court of Appeals
CAAP-12-0000001
21-FEB-2013
10:27 AM

NO. CAAP-12-0000001

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


ANDREA ILIMA DECOSTA, Plaintiff-Appellant,
v.
JASON ANDREW CARLSON, Defendant-Appellant


APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(FC-DIVORCE NO. 10-1-2626)


MEMORANDUM OPINION
(By:  Foley, Presiding J., Fujise and Leonard, JJ.)

Plaintiff-Appellant Andrea Ilima DeCosta (DeCosta), pro se, appeals from the December 2, 2011 "Order Denying Plaintiff's Motion For Reconsideration Filed On November 7, 2011," entered in the Family Court of the First Circuit[1] (family court).

## I.  BACKGROUND

On November 29, 2010, DeCosta filed a complaint for divorce against Defendant-Appellee Jason Andrew Carlson (Carlson) and on September 20, 2011, the family court held a hearing on the complaint for divorce.  The minutes from the hearing indicate the parties had reached a prior agreement about the terms of the divorce, and both parties confirmed their agreement and placed the terms on the record.

---

[1]     The Honorable R. Mark Browning presided over the pertinent proceedings.

On October 3, 2011, DeCosta's counsel sent a letter advising the family court that DeCosta disputed the court procedure and the terms from the September 20, 2011 hearing, and therefore she was not willing to sign the proposed divorce decree that Carlson's attorney had sent. DeCosta's attorney also informed the court he was withdrawing.

On October 7, 2011, Carlson's attorney submitted a proposed divorce decree to the family court for processing without DeCosta's signature, pursuant to Hawai'i Family Court Rules (HFCR) Rule 58.[2] On October 24, 2011, the family court entered a divorce decree (Decree) dissolving the marriage between Carlson and DeCosta, awarding no spousal support to either party, and dividing and distributing Carlson and DeCosta's property and debts. Paragraph 3 of the Decree states: "This decree is effective March 31, 2012."

On November 2, 2011, DeCosta's counsel sent a letter informing the family court that neither they nor Decosta had received notice of the Decree's entry until that day. In the letter, DeCosta's counsel stated they would be submitting a stipulation to extend the ten-day time period under HFCR Rule 59(e) for DeCosta to file a motion for reconsideration (Stipulation to Extend). On November 4, 2011,[3] eleven days after the Decree's entry, DeCosta filed a pro se post-judgment motion

---

[2] HFCR Rule 58 provides in relevant part:

. . . .

(b) **Signing of Judgment or Order**. Upon a showing in writing that opposing counsel or a party in a contested case fails or refuses to approve a judgment or order submitted to that opposing counsel or party by the other counsel in accordance with the above, the court shall sign the judgment or order notwithstanding the absence of approval of the opposing counsel or party, provided that the submitted judgment or order conforms with the decision of the court.

[3] The family court accepted and date-stamped DeCosta's Motion for Reconsideration as "received" on November 4, 2011 but did not stamp the motion as "filed" until November 7, 2011. The date on which a family court receives a document by mail prevails over any subsequent file-stamped date on which the family court eventually files the document. Doe v. Doe, 98 Hawai'i 144, 151, 44 P.3d 1085, 1092 (2002).

2

for relief from the Decree (Motion for Reconsideration), purportedly pursuant to HFCR Rule 59(e).

The parties' attorneys submitted the Stipulation to Extend in the family court on November 9, 2011. On November 14, 2011, the family court entered an order purporting to approve the parties' Stipulation to Extend (Order Approving Stipulation to Extend) and stating: "[DeCosta's] deadline to file a Motion for Reconsideration, pursuant to [HFCR] Rule 59, of the Divorce Decree filed on October 24, 2011 shall be extended for 10 days from and after November 2, 2011 (until November 14, 2011)."

On December 2, 2011, the family court entered a post-judgment order denying DeCosta's Motion for Reconsideration (Order Denying Reconsideration). DeCosta filed a timely notice of appeal from the Order Denying Reconsideration on December 30, 2011.

## II. STANDARDS OF REVIEW

> The purpose of a motion for reconsideration is to allow the parties to present new evidence and/or arguments that could not have been presented during the earlier adjudicated motion. Reconsideration is not a device to relitigate old matters or to raise arguments or evidence that could and should have been brought during the earlier proceeding. We review a trial court's ruling on a motion for reconsideration under the abuse of discretion standard. An abuse of discretion occurs if the trial court has clearly exceeded the bounds of reason or disregarded rules or principles of law or practice to the substantial detriment of a party litigant.

Taqupa v. Taqupa, 108 Hawai'i 459, 465, 121 P.3d 924, 930 (App. 2005) (internal quotation marks, citations, ellipsis, and brackets omitted).

## III. DISCUSSION

A.      Decree

DeCosta's opening brief raises several points of error and arguments requiring review of the underlying Decree and the family court proceedings leading up to the Decree entry. Because this court lacks jurisdiction to review the Decree, we review only the post-judgment Order Denying Reconsideration.

DeCosta's appeal from the Decree is untimely under Hawai'i Rules of Appellate Procedure (HRAP) Rule 4. DeCosta did not file her notice of appeal within thirty days of the Decree's entry, as required under HRAP Rule 4(a)(1). HRAP Rule 4(a)(3) also provides: "If any party files a timely motion . . . to reconsider . . . the time for filing the notice of appeal is extended until 30 days after entry of an order disposing of the motion[.]" However, DeCosta's Motion for Reconsideration was untimely under HFCR Rule 59(e) because DeCosta filed the motion eleven days after the October 24, 2011 entry of the Decree. See HFCR Rule 59(e) ("[A] motion to reconsider, alter or amend a judgment . . . may be filed no later than 10 days after entry of the judgment[.]").

Although the family court entered a November 14, 2011 Order Approving Stipulation to Extend, purportedly granting DeCosta an additional ten days to file a motion under HFCR Rule 59, the order violates HFCR Rule 6(b). HFCR Rule 6(b) states the family court "may not extend the time for taking any action under Rules 52(b), 59(b), (d) and (e) and 60(b) of these rules and Rule 4(a) of the [HRAP], except to the extent and under the conditions stated in them." (Emphases added.). Thus, DeCosta's Motion for Reconsideration cannot be considered a timely HFCR Rule 59 motion and therefore would not invoke the tolling provision of HRAP Rule 4(a)(3).

Furthermore, although the Hawai'i Supreme Court held in Cabral v. State, 127 Hawai'i 175, 277 P.3d 269 (2012) that certain circumstances warrant application of a "unique circumstances" doctrine as an equitable exception to the time limits for filing an appeal, that doctrine is inapplicable to this case. In Cabral, the parties submitted a stipulation to obtain an extension of time three days before the plaintiffs' deadline to file a notice of appeal, and the circuit court "approved and so ordered" the stipulation on the same day. Thus the plaintiffs had relied, to their detriment, on the circuit court's granting an extension and had reason to believe the

original deadline was no longer effective. Id. at 185, 277 P.3d at 279. The supreme court noted that because the circuit court granted the extension before the original deadline's expiration, if the circuit court had denied the extension, the plaintiffs could have, and presumably would have, filed their notice of appeal within the original deadline. Id. at 183-184, 277 P.3d at 277-78. In light of the case's specific, "unique circumstances," the supreme court concluded the appellate court had jurisdiction over the plaintiffs' otherwise untimely appeal. Id. at 183, 277 P.3d at 277.

Cabral is distinguishable from this case, however. Here, the family court did not "approve" the Stipulation to Extend until after the expiration of DeCosta's deadline to file a timely post-judgment HFCR Rule 59 motion that would toll the time period under HRAP Rule 4. The family court entered the Decree on October 24, 2011, and the ten-day deadline for filing a timely HFCR Rule 59 motion was November 3, 2011. DeCosta's counsel wrote to the family court on November 2, 2011 stating their intent to stipulate to an extension, but the parties did not submit the Stipulation to Extend itself until November 9, 2011. The family court did not "approve" the Stipulation to Extend until November 14, 2011, eleven days past DeCosta's deadline to file a timely HFCR Rule 59 motion. Therefore, when DeCosta filed her Motion for Reconsideration on November 4, 2011, she could not have relied on the family court's November 14, 2011 Order Approving Stipulation to Extend, and she did not have a reasonable basis to believe the original deadline (November 3, 2011) was no longer in effect. See Enos v. Pac. Transfer & Warehouse, Inc., 80 Hawaiʻi 345, 353, 910 P.2d 116, 124 (1996) ("A party has an independent duty to keep informed and mere failure of the clerk to notify the parties that judgment has been entered does not provide grounds for excusable neglect or warrant an extension of time [to file a notice of appeal].") (Internal quotation marks omitted.). Because DeCosta's post-judgment Motion for Reconsideration was not timely under HFCR Rule 59 and

5

did not invoke the tolling provision under HRAP Rule 4(a)(3), this court lacks jurisdiction to review the Decree, and our review is limited to the Order Denying Reconsideration.

B.        Order Denying Reconsideration

DeCosta contends the family court imposed "procedural duress" and inhibited her from presenting evidence at the hearing, and therefore the family court erred in denying her Motion for Reconsideration of the Decree. DeCosta also claims the family court ignored evidence of her contributions to the marital partnership, failed to equitably distribute the parties' assets, and entered a Decree containing terms that differed substantively from the terms discussed at the September 20, 2011 hearing.

Because the record on appeal does not contain any transcripts of the relevant hearings, this court lacks the means to assess the merits of DeCosta's contentions. "The burden is upon appellant in an appeal to show error by reference to matters in the record, and he or she has the responsibility of providing an adequate transcript." Bettencourt v. Bettencourt, 80 Hawai'i 225, 230, 909 P.2d 553, 558 (1995) (internal quotation marks and brackets omitted); HRAP Rule 10 (b)(1)(A) ("When an appellant desires to raise any point on appeal that requires consideration of the oral proceedings before the court appealed from, the appellant shall file with the appellate clerk, within 10 days after filing the notice of appeal, a request or requests to prepare a reporter's transcript of such parts of the proceedings as the appellant deems necessary that are not already on file."). Absent the transcripts, or anything else in the record supporting DeCosta's contentions, we conclude DeCosta failed to meet her burden of showing error.

DeCosta also contends certain terms in the Decree (specifically, the provisions addressing the parties' retirement funds and the distribution of tax returns) are vague and ambiguous. We disagree. The Decree specifies how, when, by whom, and in what manner the parties' respective property and

debts shall be divided. Therefore, the Decree was sufficiently clear and did not require correction.

Lastly, DeCosta contends that pursuant to Hawaii Revised Statutes (HRS) § 580-45 (2006 Repl.), the family court lacked the authority to enter a divorce decree taking effect more than one month after the date of the decree's entry. HRS § 580-45 states in full:

> §580-45 **Decree.** If after a full hearing, the court is of opinion that a divorce ought to be granted from the bonds of matrimony a decree shall be signed, filed and entered, which shall take effect from and after such time as may be fixed by the court in the decree. The court, in its discretion, may waive a hearing on an uncontested divorce complaint and admit proof by affidavit. In case of a decree dissolving the bonds of matrimony, <u>such time so fixed shall not be more than one month from and after the date of the decree.</u>

(Emphasis added.).

In <u>Camp v. Camp</u>, 109 Hawai'i 469, 128 P.3d 351 (2006), this court examined the legislative history of HRS § 580-45 and concluded the legislature "wished to (1) discourage 'hasty' divorces by permitting courts to enter decrees that would take effect at a later date and (2) limit the discretion of the courts in this regard to a one month period 'from and after' the date of the entry of the decree." <u>Id.</u> at 480, 128 P.3d at 362. Thus, the terms of HRS § 580-45 "indicate that courts have discretion in fixing the effective date of the divorce decree but that this discretion is limited to a one month period commencing the date of the entry of the decree." <u>Id.</u>

In this case, the family court entered the Decree on October 24, 2011. However, Paragraph 3 of the Decree states: "<u>Effect</u>. This decree is effective March 31, 2012." Thus, on its face, the Decree expressly fixes its effective date to more than one month "from and after" the date of its entry, and the family court erred in setting the Decree's effective date.

However, this error is only procedural and was harmless under the facts of this case. DeCosta has neither claimed nor demonstrated any prejudice from this particular error, and nothing in the record suggests the court's error implicated the

parties' substantive rights. Although DeCosta challenges the Decree's terms on several grounds, she does not claim the erroneous effective date had any impact on or connection to the terms she challenges. As discussed above, the family court did not abuse its discretion in denying DeCosta's Motion for Reconsideration in all other respects, and vacating the family court's Order Denying Reconsideration for this error alone raises a greater risk of prejudice to the parties, who have acted as though the Decree has been in effect since March 31, 2012. Consequently, we conclude the family court's error does not warrant reversal.

## IV. CONCLUSION

The December 2, 2011 "Order Denying Plaintiff's Motion For Reconsideration Filed On November 7, 2011," entered in the Family Court of the First Circuit is affirmed.

DATED: Honolulu, Hawai'i, February 21, 2013.

On the opening brief:

Andrea Ilima DeCosta
Plaintiff-Appellant pro se.

Presiding Judge

Associate Judge

Associate Judge

8